FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

11 DEC 23 PM 12: 45

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | 8:11mc86 |
| § | |
| Plaintiff, § | |
| v. § | Civil Action No. **3:11-CV-3343-L** |
| § | |
| PACESETTER SBIC FUND, INC., § | |
| § | |
| Defendant. § | |

## ORDER

Before the court is the parties' agreed Consent Order of Receivership, filed December 19, 2011, requesting that the United States Business Administration be appointed as Receiver of Pacesetter SBIC Fund, Inc. pursuant to 15 U.S.C. § 687c. The court determines that the Consent Order of Receivership (Doc. 4). should be and is hereby **granted**.

**It is so ordered** this 20th day of December, 2011.

Sam A. Lindsay
United States District Judge

Order – Solo Page

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. |
| | § | |
| PACESETTER SBIC FUND, INC. | § | Related Case: 09-cv-0851-L |
| | § | |
| Defendant. | § | |

## CONSENT ORDER OF RECEIVERSHIP

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Pursuant to the provisions 15 U.S.C. §687c, this Court hereby takes exclusive jurisdiction of Pacesetter SBIC Fund, Inc. ("Pacesetter"), and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver of Pacesetter ("Receiver") to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshaling and liquidating all of Pacesetter's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of Pacesetter under applicable state and federal law, by the Articles of Limited Partnership, and By-Laws of said limited partnership, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the

1

Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of Pacesetter are hereby dismissed and the powers of any manager are hereby suspended. Such persons and entities shall have no authority with respect to Pacesetter's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of Pacesetter and shall pursue and preserve all of its claims.

3. The Receiver is entitled to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to Pacesetter. The past and/or present officers, directors, agents, managers, shareholders, trustees, attorneys, accountants, and employees of Pacesetter, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to Pacesetter and all of Pacesetter's assets and all other assets and property of the limited partnership, whether real or personal. The current managers of Pacesetter shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of Pacesetter, a list of all employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of Pacesetter, as well as the names, addresses and amounts of claims of all known creditors of Pacesetter. Within thirty (30) days following the entry of this Order, the general partner of Pacesetter shall also furnish a written report describing all assets. All persons and entities having control, custody or possession of any assets or

property of Pacesetter are hereby directed to turn such assets and property over to the Receiver.

4.   The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors and managers of Pacesetter, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation, debt, or distribution with respect to a partnership interest to Pacesetter shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if Pacesetter had received such payments.

5.   The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions to extend credit on behalf of Pacesetter, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, consultants and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this

Court, transfer, compromise, or otherwise dispose of any claim or asset in the ordinary course of business, other than real estate.

6. Pacesetter's past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors and managers of Pacesetter, and other appropriate persons or entities (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them and produce any documents as required by the Receiver regarding the business of said limited partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to Pacesetter. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery request(s) in accordance with the Federal Rules of Civil Procedure.

7. The parties or prospective parties to any and all civil legal proceedings wherever located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other proceedings involving (i) Pacesetter ii) any assets of Pacesetter, (iii) the Receiver for Pacesetter or (iv) Pacesetter's present or past officers, directors ormanagers, to the extent said civil legal proceedings involve any action taken by them while acting in their official capacity with Pacesetter, are enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature without further order of this Court.

8. All civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding, involving (i) Pacesetter, (ii) any of assets of Pacesetter, (iii) the Receiver for Pacesetter or (iv) Pacesetter's present or past officers, directors or managers to the extent said civil legal proceedings involve any action taken in their official capacity for Pacesetter are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action in such proceedings until further Order of this Court.

9. As to a cause of action accrued or accruing in favor of Pacesetter against a third person or party, any applicable statute of limitation is tolled to the extent allowed by applicable law during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

10. Pacesetter and its past and/or present directors, officers, managers, agents, employees and other persons or entities acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of Pacesetter to the detriment of Pacesetter or of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 et. seq., or the regulations promulgated thereunder, ("Regulations"), 13 C.F.R. §107.1 et. seq.

11. The Receiver is authorized to borrow on behalf of Pacesetter, from the SBA, up to $1,000,000 and is authorized to cause Pacesetter to issue Receiver's

Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of Pacesetter, excluding administrative expenses of the Receivership, whether currently existing or hereinafter incurred, including without limitation any claims of general or limited partners of Pacesetter.

12. Judgment for failure to pay accelerated Debentures is entered against Pacesetter and in favor of the United States Small Business Administration in the amount of $52,049,482.10, consisting of principal in the amount of $47,988,960.67 plus interest of $4,060,521.43 through October 17, 2011 with a daily rate of $9,517.30 for each day thereafter until the date of judgment, together with post judgment interest pursuant to 28 U.S.C. § 1961 as of the date judgment is entered.

13. Judgment for failure to redeem matured Preferred Securities is entered against Pacesetter and in favor of the United States Small Business Administration in the amount of $6,923,592.00 in outstanding Preferred Securities Leverage consisting of $5,121,000 in principal plus $1,802,592 in accrued dividends as of October 17, 2011 with a daily rate of $567.24 for each day thereafter until the date of judgment plus post judgment interest pursuant to 28 U.S.C. § 1961 as of the date judgment is entered;

14. This Court determines and adjudicates that SBA has made a sufficient showing that Pacesetter has violated the Act and the Regulations, as alleged in the Complaint filed against Pacesetter in the instant action, to obtain the relief so requested.

15.  After completing its activities in accordance with this Order, the Receiver may recommend that Pacesetter's license as an SBIC be revoked.

DATED this ___ day of _____, 201 .

_____
UNITED STATES DISTRICT COURT JUDGE

SEEN, STIPULATED AND AGREED:

UNITED STATES SMALL BUSINESS ADMINISTRATION

By: _____
Thomas G. Morris, Director
Office of SBIC Liquidation

Date: Nov. 7, 2011

PACESETTER SBIC FUND, INC., through its

By: _____  11-4-2011
    PRESIDENT                   Date

By: _____  7 November 2011
    Vice President and Secretary  Date

7